## WILLIAM GREEN V. GUADALUPE COUNTY AND JAMES A. WREN.

(November 15, 1880.)

DRAFTS, SUIT ON — EVIDENCE.— Plaintiff sued upon certain drafts, and a demurrer to his petition was overruled; the court below afterwards refused to allow said drafts to be introduced in evidence. *Held,* error.

APPEAL from Guadalupe county. Opinion by QUINAN, J.

STATEMENT.— This suit was instituted by Green against Guadalupe county and one James A. Wren upon three warrants or drafts drawn by the presiding justice of Hays county on the treasurer of Guadalupe county in favor of James A. Wren, sheriff of Hays county, for keeping prisoners of Guadalupe county in Hays county jail, etc., as allowed by the county court of Hays county. The drafts were indorsed, approved by the district judge, and were in-

dorsed and assigned to the plaintiff, Green, by Wren. They were registered by the county treasurer of Guadalupe county, and were duly presented to the commissioners' court of that county for recognition and payment, but were rejected, and thereupon plaintiff sued.

The defendant demurred, but the demurrer was over-ruled. Guadalupe county answered denying its liability upon the drafts, alleging that the presiding justice had no authority to draw the drafts, and that they are for a larger amount than Guadalupe county is indebted, etc. Defend-ant Wren answered denying his liability. The case was submitted to the judge. Upon the trial the plaintiff of-fered these drafts in evidence, and they were objected to, for what cause does not appear, and the objection was sus-tained, to which plaintiff filed his bill of exceptions, and, declining to proceed further, judgment was rendered for the defendants. This judgment is brought up for revision by writ of error.

OPINION.— It is not easy to perceive upon what ground the court rejected these drafts when offered in testimony. It is not suggested anywhere in the record, and the appellee has filed no briefs. The overruling of the general demurrer to the petition based upon them indicates that in the opin-ion of the judge they were a good cause of action.

Without doubt Wren was responsible upon them by rea-son of his indorsement. And *prima facie* the county of Guadalupe was liable thereon. On their face they purport to be on account of Guadalupe county prisoners kept in Hays county jail. Guadalupe county was responsible for the payment of the charges of keeping and guarding them. And the manner in which that liability shall be fixed is de-termined by the statute. P. D., art. 3395. It provides that the chief justice " shall also give the said sheriff a draft for the amount of each account allowed by him on account of any prisoners brought from another county for safe keeping or trial, or change of venue, on the county treas-urer of the county from which such prisoner may have been

brought, and the same, when presented to the treasurer of such last-named county, shall be paid out of any money in his hands."

Whether further proof than these drafts afforded of the justice of the claim upon the county of Guadalupe might be required, or what defense could be made to them, is not the question presented. But they were given to the sheriff apparently in substantial compliance with the statute, and as a necessary prerequisite to the collection of his claim against the county. The holder of them could not recover in this suit without putting them in testimony; and manifestly it was error to reject them.

The judgment will therefore be reversed and the cause remanded.